**Opinion filed September 19, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00011-CR

_____

### CIRINO COSME, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 17575**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Cirino Cosme, of continuous sexual abuse of a young child, a first-degree felony, and four counts of indecency with a child by contact, second-degree felonies. *See* TEX. PENAL CODE ANN. § 21.02(b), (h) (West Supp. 2023), § 21.11(a)(1), (d) (West 2019). Appellant elected to have the trial court assess his punishment. Following a punishment trial, the trial court sentenced

Appellant to thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for the offense of continuous sexual abuse and twenty years' confinement in TDCJ for each count of indecency with a child, with the sentences to run concurrently. In two issues, Appellant complains that (1) the evidence was insufficient to support a finding that he "was an adult at the time of the offenses" and (2) the trial court erred by admitting evidence in contravention of Article 38.072 of the Texas Code of Criminal Procedure and the Confrontation Clause of the Sixth Amendment. We affirm.

*Procedural History*

A grand jury indicted Appellant for continuous sexual abuse of O.V. and Y.V., two children under the age of fourteen, between July 1, 2014, and May 1, 2020. The grand jury also indicted Appellant for four counts of indecency by touching O.V. and Y.V.'s breasts with the intent to arouse or gratify his sexual desires. The charge alleged that the acts of indecency occurred on dates that fell between July 1, 2014, and May 1, 2020, while O.V. and Y.V. were under the age of seventeen. At trial, nine witnesses testified, including O.V. and Y.V.

*Evidence as to Appellant's Age was Sufficient*

In his first issue, Appellant contends that the State failed to produce sufficient evidence to "prove to the [j]ury that [Appellant] was an adult" at the time the offenses were committed.

A. *Relevant Facts*

At trial, Deputy J.R. Patterson of the Palo Pinto County Sheriff's Department testified that on July 12, 2020, he responded to a call for emergency services. Upon arrival, Deputy Patterson encountered a "distraught female," who alleged that her two daughters reported being "inappropriately touched" by Appellant. Deputy

2

Patterson testified that Appellant's birthdate is June 12, 1988. O.V. and Y.V. were born on November 13, 2007, and February 10, 2011, respectively. O.V. testified that Appellant began touching her breasts and vagina when she was about six or seven years old, and Y.V. testified that Appellant began touching her breasts and vagina when she was about five or six years old.

B. *Standard of Review & Applicable Law*

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Brooks*, 323 S.W.3d at 895; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Viewing the evidence in the light most favorable to the verdict requires that we consider all the evidence admitted at trial, including improperly admitted evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As such, we must defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Jackson*, 443 U.S. at 319; *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778.

We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clement v. State*, 248 S.W.3d 791, 796 (Tex. App.—Fort Worth 2008, no pet.). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

As relevant here, a person commits continuous sexual abuse of a young child if:

> during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and . . . at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is . . . a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

PENAL § 21.02(b). A person commits indecency with a child if he engages in sexual contact with a child that is younger than seventeen years of age. *Id.* § 21.11(a)(1).

C. *Analysis*

The evidence at trial showed that Appellant was nineteen years old when O.V. was born and twenty-two years old when Y.V. was born. Although Appellant recognizes that Deputy Patterson's testimony established Appellant's age, he nonetheless argues the evidence was insufficient to show that Appellant was seventeen years or older when the offenses were committed. However, when the jury—the sole judge of the weight of the evidence and credibility of the witnesses—

4

found that Appellant committed the continuous-sexual-abuse offense as alleged, they necessarily found that Appellant was seventeen or older based on his and the complainants' birthdates.[1] *See id.* § 21.02(b); *Jackson*, 443 U.S. at 319. Moreover, O.V. testified that Appellant began touching her when she was six or seven years old, placing Appellant at approximately twenty-five years old at the time of the first offense. *See Jackson*, 443 U.S. at 319. This is simple math. The jury believed that Appellant committed the offenses, as evidenced by its guilty verdict. Accordingly, we conclude that there was sufficient evidence for the jury to rationally infer and conclude that Appellant was seventeen years or older when he committed the offenses. *See* PENAL § 21.02(b); *Jackson*, 443 U.S. at 319. Appellant's first issue is overruled.

## The Trial Court Properly Admitted Evidence

In his second issue, Appellant argues that the trial court erred by admitting, over his objections, certain testimony and evidence from two witnesses because the admitted testimony violated the Confrontation Clause to the Sixth Amendment and Article 38.072 of the Texas Code of Criminal Procedure.

A. *Relevant Facts*

During Deputy Patterson's testimony regarding the information that he received from O.V. and Y.V.'s mother, Appellant objected on the grounds that

---

[1] In his brief, Appellant asks: "Who qualifies as an adult?" He states that "[i]t is not in the elements of the offenses for which he [is] indicted for[,] [b]ut obviously for one to be tried for [the offenses], the actor must be an adult." In seeking an answer, Appellant cites to the Family Code, the Property Code, the Education Code, the Government Code, the Transportation Code, and the Civil Practice and Remedies Code. We note that, as stated above, the offense of continuous sexual abuse of a young child requires that the actor be seventeen years of age or older at the time of the commission of each of the acts of sexual abuse. PENAL § 21.02(b)(2). We further note that Section 51.02(2) of the Family Code and Section 8.07(b) of the Penal Code define seventeen-year-olds as adults for purposes of criminal prosecution. TEX. FAM. CODE ANN. § 51.02(2) (West Supp. 2023); PENAL § 8.07(b). As discussed, the evidence was sufficient for a rational jury to infer that Appellant was over seventeen at the time the offenses were committed.

Deputy Patterson's testimony violated his right to confrontation; the trial court initially sustained Appellant's objection. After additional testimony from Deputy Patterson that included statements by O.V. and Y.V.'s mother, Appellant objected on the basis that Deputy Patterson was not a proper outcry witness under Article 38.072 of the Texas Code of Criminal Procedure and reiterated that the testimony violated his right to confrontation. The State argued that it was not offering the statements to prove the truth of the matter asserted. The trial court overruled both objections. The following exchange then occurred:

> [THE STATE]: What type of crime? What was the crime you were investigating at this point?
>
> [DEPUTY PATTERSON]: It was stated that the children had, over a period of time, been inappropriately touched by a family member named Cirino Cosme. Uncle Chino is what -- the name given. His birthdate is 6/12/1988.

The trial court instructed the jury: "[T]his testimony about what was reported to him when he showed up, it's not being admitted to prove that the defendant did anything; it's just being offered to show why [Deputy Patterson] took the actions he took."

Theresa Fugate, a registered nurse and sexual assault nurse examiner (SANE), testified that she performed a SANE exam on O.V. on August 6, 2020. Fugate explained that everything she does is "for the purpose of medical diagnosis and treatment." During the examination, Fugate completed medical records entries pursuant to "medical protocol." The State offered a copy of Fugate's examination notes and Appellant objected to the notes admission on the basis that the notes included a statement from O.V. and Y.V.'s mother, which he argued violated Article 38.072 of the Texas Code of Criminal Procedure and his right to confrontation. The statement read:

6

Per mom (tearful) "I found out on a Sunday night after dinner, I took a shower came out[, and] [Y.V.] was watching TV[.] [S]he said I need to tell you something and she started crying[.] I sent [O.V.] into the living room and I talked to [Y.V.] by herself and she told me [Appellant], my youngest brother[,] had been touching her[.]" [Y.V.] relayed to mom it had been on going, that it happened at his house and that he had threatened her. "I called [O.V.] in and asked her if this had happened to her and she said yes, that he had been touching her private parts[.]"

Appellant acknowledged that O.V. and Y.V.'s mother had previously been sworn and was available for cross-examination, "[i]f [he] decide[d] to call her." The trial court overruled both objections.

B. *Standard of Review & Applicable Law*

Hearsay is an out-of-court statement, including a written statement, that is offered to prove the truth of the matter asserted in the statement; it is inadmissible absent an exception. TEX. R. EVID. 801, 802. When hearsay is objected to, "it becomes the burden of the proponent of the evidence to establish that an exception applies that would make the [hearsay] admissible." *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). In addition to the exceptions found in Rule 803 of the Texas Rules of Evidence, certain statements made by children regarding sexual abuse are admissible as an exception to the hearsay rule. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2 (West Supp. 2023); TEX. R. EVID. 803. For the outcry exception to apply, Article 38.072 requires that (1) on or before the fourteenth day before proceedings begin, the party intending to offer the statement (a) notifies the adverse party of its intent to offer the outcry statement, (b) provides the name of the outcry witness through whom it intends to offer the statement, and (c) provides a written summary of the statement; (2) the trial court holds a hearing outside the presence of the jury to determine whether the statement is reliable; and (3) the child

testifies or is available to testify at the proceeding. *Dority v. State*, 631 S.W.3d 779, 791 (Tex. App.—Eastland 2021, no pet.) (citing CRIM. PROC. art. 38.072, § 2(b)).

The Confrontation Clause of the Sixth Amendment provides to the one who is accused the right to cross-examine witnesses who testify against him. *See* U.S. CONST., amend. VI; *Johnson v. State*, 490 S.W.3d 895, 909 (Tex. Crim. App. 2016) ("The main purpose behind the Confrontation Clause is to secure for the opposing party the opportunity of cross-examination . . . ."). The Confrontation Clause precludes the admission of out-of-court testimonial statements by a witness when the witness is unavailable to testify, and the defendant has not had the prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004*)*; *Del Carmen Hernandez v. State*, 273 S.W.3d 685, 687 (Tex. Crim. App. 2008) ("[H]earsay statements nevertheless must overcome the Confrontation Clause bar, which may be implicated if the defendant is not afforded the opportunity to confront the out-of-court declarant."). However, "where the declarant is not absent, but is present to testify and to submit to cross-examination, . . . the admission of his out-of-court statements does not create a confrontation problem." *California v. Green*, 399 U.S. 149, 162 (1970); *see Crawford*, 541 U.S. at 59, n.9 ("The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it."). Similarly, out-of-court statements that are testimonial but not used to prove the truth of the matter asserted do not offend the Confrontation Clause. *Crawford*, 541 U.S. at 59, n.9 ("The [Confrontation] Clause does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.") (citing *Tennessee v. Street*, 471 U.S. 409, 414, (1985)); *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010) (recognizing *Crawford*'s holding that even testimonial out-of-court

statements do not violate confrontation when offered for some evidentiary purpose other than the truth of the matter asserted). A constitutional ruling, such as determining whether a statement is testimonial or non-testimonial, is reviewed de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 855 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019)). This standard of review also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *De La Paz*, 279 S.W.3d at 343–44; *Ruiz*, 631 S.W.3d at 856 (citing *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018)); *Barron*, 630 S.W.3d at 410. Furthermore, we will uphold a trial court's evidentiary ruling, even if the trial court's reasoning is flawed, if it is correct on any theory of law that finds support in the record and is applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

C. *Analysis*

On appeal, Appellant recognizes that the complained-of testimony and Fugate's notes were admissible hearsay but argues that they were nonetheless barred by Article 38.072 and the Confrontation Clause. For the Article 38.072 violation, Appellant specifically complains that the State did not provide the requisite fourteen-

day notice and the trial court did not hold the necessary hearing. *See* CRIM. PROC. art. 38.072, § 2(b). However, Article 38.072 operates as an additional exception to hearsay, not a substitute for the already-existing exceptions. *See id.* art. 38.072, § 2(b) ("A statement that meets the requirements of Subsection (a) is not inadmissible because of the hearsay rule."); *Long v. State*, 800 S.W.2d 545, 547–48 (Tex. Crim. App. 1990) (noting that once the defendant objected to testimony as hearsay, "the State had the burden to satisfy each element of . . . Art[icle] 38.072, . . . or to provide some other exception to the hearsay rule."); *see also Bays v. State*, 396 S.W.3d 580, 592 (Tex. Crim. App. 2013) (Keller, J. dissenting) ("By saying, 'A statement that meets the requirements of Subsection (a) is not inadmissible because of the hearsay rule,' Article 38.072 simply creates a hearsay exception, on par with other types of exceptions such as excited utterances."). Appellant provides no other argument that either statement was inadmissible pursuant to the Texas Rules of Evidence. Because the testimony and medical notes were admissible hearsay, as Appellant notes, the State was not required to also comply with the requirements of Article 38.072. *See Long*, 800 S.W.2d at 547–48.

As to Appellant's Confrontation Clause complaints, the State argued, and the trial court instructed the jury, that Deputy Patterson's testimony was not offered to prove the truth of the matter asserted, but instead to explain why Deputy Patterson took the steps in his investigation that he did. The trial court further admonished the jury that it could not consider Deputy Patterson's testimony to prove that Appellant committed the alleged offenses. Because the statement was not offered to prove the truth of the matter asserted, the Confrontation Clause was not violated. *See Crawford*, 541 U.S. at 59, n.9; *Street*, 471 U.S. at 414; *Langham*, 305 S.W.3d at 576. Moreover, Appellant's right to confrontation was not violated because O.V. and

10

Y.V.'s mother was sworn in as a witness and was available for cross-examination. *See Crawford*, 541 U.S. at 59, n.9; *Green*, 399 U.S. at 162. Similarly, Appellant's right to confrontation was not violated by the trial court's admission of Fugate's SANE report for these same reasons. *See Crawford*, 541 U.S. at 59, n.9; *Green*, 399 U.S. at 162. Accordingly, we conclude that the trial court did not err by admitting the testimony or the evidence. *See Martinez*, 327 S.W.3d 736; *Wall*, 184 S.W.3d at 742. Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS

JUSTICE


September 19, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.